Curia, per
Fbost, J.
The Act of 1812, 5 Stat. 676, provides that, upon the determination of a written lease, the landlord, having given to the tenant ten days notice to remove, if the same be not complied with, may complain to two magistrates ; and upon due proof that the landlord had so leased the premises to the person in possession, and that the lease is ended, and that demand in writing, for the redelivery of possession, has been made, they shall proceed, in the manner directed, to restore possession to the landlord. The Act of 1839, p. 21, provides, that on the determination of any lease, in writing or by parol, if the lessee shall hold over thereafter, any two magistrates, on due proof thereof, shall proceed, in the same manner directed by the Act of 1812, to restore possession to the landlord.
It is insisted that under the Act of 1839, on the determination of a lease, by parol or written, and due proof thereof, the magistrates are not authorised to restore possession to the landlord, unless it be also proved that he had given the ten days notice to the tenant required by the Act of 1812.
*277 The Act of 1839 is express, intelligible, and provides a plain mode of relief, requiring no aid from construction, nor reference to other Acts to explain or render complete its provisions. It was prepared , with great care and diligence, by a comission, appointed b}r the Legislature, consisting of the Attorney General and Solicitors, who were instructed to compile and digest all the Acts relating to the several district offices and officers, under distinct titles. At the same time, the commissioners were authorized to introduce such amendments, as experience of any inconveniences and defects in the many Acts, relating to the subjects, might require ; or might appear advisable. The digests, when so prepared, were submitted to the Legislature for enactment, and were subjected to the examination and approval of special committees, organised in both branches, and charged exclusively with the revision of the bills presented for enactment. These digests were designed to contain a compendium of all the law relating to the several titles, for the guidance and instruction of the district officers and magistrates. The high authority which attaches to these digests, from the manner in which they were prepared, and the purposes they were intended to answer, gives assurance of consideration, certainty and care in all their provisions, which should deter from rash and conjectural construction. The utility of them depends on their being maintained without alteration, and every construction which adds to or takes away from the plain letter of the Acts, impairs their usefulness.
The omission of the ten days notice could not have been inadvertent or accidental; for the Act of 1839 is, in a great measure, copied from the Acts of 1812 and 1817, 6 Stat. 67, and its provisions are adapted to the omission of the notice. Indeed the Act is complete, and in every particular accommodated to the relief by it provided, and the addition of ten days notice will be a mere interpolation.
Stress is laid on the provision of the Act of 1839, that if, on the determination of any written or parol lease, the lessee shall hold over, any two magistrates, on due proof thereof, may proceed &c ; and a similar provision.in the Act of 1812, that on the determination of any written lease, *278 upon due proof of the lease, and that it is ended, and of the ten days notice to remove, the magistrates may proceed (fee. The use of the same phrases respecting proof of the requisites prescribed by the Acts respectively, would seem,t° be sufficiently explained by the fact, that the Act of 1812 is copied literally, in all its provisions applicable to the last Act. But it is contended that “due proof thereof,” in the Act of 1839, does not refer to the determination of the lease immediately preceding, but means due proof of what is required under the Act of 1812. The last Act is not even refered to in the former, nor is there any ambiguity which can warrant a very forced disjunction of the context of the Act from,its plain and obvious connection. But “due proof,” under the Act of 1812, is not satisfied unless the lease be in writing. The construction contended for, would require that proof also, under the Act of 1839, and thus expunge leases by parol,, at the same time that the ten days notice is introduced, and restore the Act of 1812, in all its terms.
It is further argued that the Act of 1839 concerning the office and duties of magistrates, must be considered as merely directory to them, and cannot be so construed as to abridge the conditions of relief to the landlord prescribed by the Act of 1812.
The Acts are in pari materia, though the titles are different. The Act of 1812 might, with as much if not more propriety, have been entitled an Act to empower magistrates to give to landlords summary re-possession of leased premises. It is contradictory, and merely nugatory, that the landlord should have, by law, a right to demand the interference of the magistrate, in a manner and on terms which the magistrate could not, by law, exercise. The power of the one and the rights of the other must be co-incident. The question then recurs on the construction of the Acts; and the appellant’s argument is in no way advanced. The rule is, that the last Act abrogates former inconsistent Acts. Inconsistency may arise as well from omission as addition. If the first Act had given relief in cases of parol, as well as written leases, the landlord could not have a mandamus to require the magistrates to proceed on a parol lease. *279 Neither when the first Act requires notice, and the last Act does not, can a prohibition be granted because the magistrate proceeds without proof of notice. The proceeding in this case is on a parol lease. The Act of 1812 related only to written leases. If the ten days notice were not dispensed with, it can only he insisted on in case of a written lease. The motion is refused.
O’Neall, Evans and Butler, JJ. concurred.